**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE: | CASE NO. 08-01181 EAG |
| RAMON HERIBERTO SANTIAGO NIEVES and NELLIE GOMEZ APONTE, | CHAPTER 13 |
| DEBTORS. | FILED & ENTERED ON 09/25/2013 |

**OPINION AND ORDER**

This contested matter was taken under advisement by the court to determine whether in a chapter 13 case the holder of a claim secured by a security interest in the debtors' principal residence must use Supplement 2 to Official Proof of Claim Form 10 ("Form 10S2") when filing a response which disagrees with a notice of final cure payment under Rule 3002.1(g) of the Federal Rules of Bankruptcy Procedure.  For the reasons stated below, the court finds that the use of Form 10S2 or a substantially identical form of the holder's own crafting is necessary to comply with Fed. R. Bankr. P. 3002.1(g) when a holder disagrees with the notice of final cure payment.

The debtors filed a voluntary petition for relief under chapter 13 on February 8, 2008. (Docket No. 1.)  At the commencement of the case, the debtors were in arrears in the payment of their home mortgage with Oriental Bank and Trust, which is serviced by Banco Popular de Puerto Rico.  (Claims Register No. 5-1.)  They cured the mortgage arrears through their plan, and successfully completed all plan payments on February 26, 2013. (Docket No. 54.)  Upon completion of plan payments, the chapter 13 trustee filed the notice of final cure payment

required by Rule 3002.1(f). (Docket No. 49, the "Notice.") The Notice stated that the total amount required to cure the default on Oriental's claim had been paid in full by the trustee. (Id.) The Notice also stated that, according to Rule 3002.1(g), Banco Popular had to serve within 21 days a statement on the debtors, the debtors' counsel, and the trustee indicating "1) whether it agrees that the Debtor(s) has/have paid in full the amount required to cure the default on the claim; and 2) whether the Debtor(s) is/are otherwise current on all payments consistent with 11 U.S.C. § 1322(b)(5)." (Id.) The Notice also pointed out that the statement to be filed by a secured creditor had to "itemize the required cure or post-petition amounts, if any, that the holder contends remain unpaid as of the date of the statement[] [and that it] . . . shall be filed as a supplement to the holder's proof of claim . . . ." (Id.)

On March 21, 2013, Banco Popular as servicing agent of Oriental filed a response to the Notice, which it titled "BPPR's Statement Pursuant to Fed. R. Bank. P. 3002.1 (g)." (Docket No. 50; hereinafter, the "BPPR Statement.") In it, Banco Popular stated that the debtors had cured the default on Oriental's mortgage, but were behind one monthly payment of $628.00, plus late charges of $694.10, legal fees of $222.60, and fees of $40.00 for inspections and photocopies of documents, for a total of $1,584.70. (Id.) The BPPR Statement neither discloses the accrual dates of the missing payment and of the additional charges nor is it signed under penalty of perjury. (Id.)

On March 22, 2013, the debtors filed an objection to the BPPR Statement. (Docket No. 51.) The objection points out the BPPR Statement fails to disclose the accrual dates of the charges and whether they are the result of a change in the interest rate or an escrow account adjustment. (Id.) Banco Popular on March 27, 2013, replied to the objection of the debtors by

2

simply stating that a review of the BPPR Statement shows that it complies with the provisions of Rule 3002.1(g).  (Docket No. 52.)  A hearing on this contested matter was held on April 5, 2013. (Docket No. 58.). After hearing the parties, the court took the matter under advisement. (Id.)

The parties do not dispute the application of Rule 3002.1(g) to this matter.  Oriental Bank's claim was secured by an interest in the debtors' principal residence, and the debtors' plan provided for its payment under section 1322(b)(5) of the Bankruptcy Code.  What the parties disagree on is the amount of detail needed to be included in the BPPR Statement and if it must be signed under penalty of perjury to comply with Rule 3002.1(g).  Rule 3002.1(g) requires that the BPPR Statement "itemize the required cure or postpetition amounts, if any, that the holder contends remain unpaid as of the date of the statement."  Fed. R. Bankr. P. 3002.1(g).

If Banco Popular had filed a Rule 3002.1(c) notice of postpetition fees, expenses, or charges, this disagreement would not exist.  Like Rule 3002.1(g), Rule 3002.1(c) requires the holder of the claim to file and serve "a notice itemizing all fees, expenses, or charges (1) that were incurred in connection with the claim after the bankruptcy case was filed, and (2) that the holder asserts are recoverable against the debtor or against the debtor's principal residence." Fed. R. Bankr. P. 3002.1(c).  And Rule 3002.1(d) requires that the Rule 3002.1(c) notice be prepared using Form 10S2.  Form 10S2 requires the claim holder to "[i]temize the fees, expenses, and charges incurred on the debtor's mortgage account after the petition was filed" by providing a description, dates incurred, and amount, item by item. And the form must be signed by the holder under penalty of perjury.

3

The court concludes that the detail of itemization required by Rule 3002.1(g), when a claim holder disagrees with a trustee's notice of final cure payment, is the same as that required by Rule 3002.1(c) and Form 10S2.  See In re Carr, 468 B.R. 806, 808 (Bankr. E.D. Va. 2012) ("The only thing necessary . . . for the creditor to respond to the trustee's Notice of Final Cure . . . is [to] complete Official Form 10 (Supplement 2), 'Notice of Postpetition Mortgage Fees, Expenses and Charges,' and file it as a supplement to its proof of claim.").[1]  It makes no sense to give a significantly different meaning to the word "itemize" or "itemizing" in Rules 3002.1(c) and 3002.1(g) and Form 10S2 depending on which subsection of the Rule is at issue.  The detailed information required for a debtor to contest a claim holder's notice under Rule 3002.1(c) is equally necessary to a debtor to contest a holder's response under Rule 3002.1(g).  So, "[t]he creditor must respond to that notice [of final cure payment] by acknowledging that it is correct, or if it is not, stating **with particularity** the amounts that remain unpaid."  In re Carr, 468 B.R. at 808 (emphasis added).

The court also concludes that the Rule 3002.1(g) response must be signed by the holder under penalty of perjury.  The Rule 3002.1(c) notice must be signed by the holder under penalty of perjury. Fed. R. Bankr. P. 3002.1(c) & (d) and Form 10S2.  Both the Rule 3002.1(c) notice and the Rule 3002.1(g) response disagreeing with the trustee's notice require the same information.  Thus, there is no reason why one should be signed under penalty of perjury and the other not. Also, the Rule 3002.1(g) response must be filed as a supplement to the holder's proof of claim.  Fed. R. Bankr. P. 3002.1(g).  A proof of claim must be signed by a claim holder

---

[1]/Form 10S2 does not work neatly when a claim holder agrees with a trustee's notice of final cure payment because it has no box for a claim holder to check and indicate its agreement.

under penalty of perjury. Fed. R. Bankr. P. 3001(a) and Bankruptcy Official Form 10. Thus, again, the Rule 3002.1(g) response–as supplement to a proof of claim–must also be signed under penalty of perjury.

The BPPR Statement includes neither the itemization nor signature under penalty of perjury required by Rule 3002.1(g). If Banco Popular does not agree with the trustee's Notice, it must either complete Form 10S2 or a substantially similar form of its own crafting and file it as a supplement to its proof of claim.

Therefore, the objection filed by debtors (at Docket No. 51) to the BPPR Statement (at Docket No. 50) is sustained. Banco Popular shall file within the next fourteen days a new response to the trustee's Notice of Final Cure Payment (at Docket No. 49) that is in compliance with this opinion and order and Bankruptcy Rule 3002.1(g).

SO ORDERED.

In Ponce, Puerto Rico, this 25th day of September, 2013.

Edward A. Godoy
U.S. Bankruptcy Judge